

**U.S. Department of Justice**
United States Attorney
District of Connecticut

*Connecticut Financial Center*
*157 Church Street, Floor 25*
*New Haven, Connecticut 06510*

*Telephone: (203) 821-3700*
*Fax: (203) 773-5376*
*www.usdoj.gov/usao/ct*

June 6, 2013

United States District Court
District of Connecticut
FILED AT BRIDGEPORT
6/24/2013  20
Roberto D. Tabora, Clerk
By_____ Deputy Clerk

Mr. Lawrence D. Church
50 Washington Street
P.O. Box 844
Norwalk, CT 06856-0844

Re:  United States v. Krystopher Dibella
     Crim. No. 3:13cr ( ) 127 JCH

Dear Attorney Church:

This letter confirms the plea agreement entered into between your client, Krystopher Dibella (the "defendant"), and the United States Attorney's Office for the District of Connecticut (the "Government") concerning the referenced criminal matter.

### THE PLEA AND OFFENSE

LDC  KLD

The defendant agrees to plead guilty to a one-count Information charging him with aiding and abetting the failure to make a proper entry on an ATF 4473 form, in violation of 18 U.S.C. §§ 2, 922(m) and 924(a)(3)(B). He understands that to be guilty of this offense the following essential elements must be satisfied:

Count One – 18 U.S.C. § 922(m)

1. That the defendant was employed by a federally licensed firearms dealer at the time the alleged offense occurred;

2. That the federally licensed firearms dealer failed to make an appropriate entry in a firearms record it was required by federal law to maintain, and;

3. That the defendant either aided and abetted the failure to maintain proper records by the federally licensed firearms dealer, or willfully caused an act to be done which, if directly performed by the licensed firearms dealer, would constitute the failure to maintain proper records under 18 U.S.C. § 922(m).

1

## THE PENALTIES

The offense charged in Count One carries a maximum penalty of one year in prison, five years of probation, and a $100,000 fine. Supervised release is not authorized for this offense.

The defendant also is subject to the alternative fine provision of 18 U.S.C. § 3571. Under this section, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the offense; or (3) $100,000.

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $25.00 on each count of conviction. The defendant agrees to pay the special assessment to the Clerk of the Court on the day the guilty plea is accepted.

## THE SENTENCING GUIDELINES

### Applicability

The defendant understands that although application of the United States Sentencing Guidelines is not mandatory, they are advisory and the Court is required to consider any applicable Sentencing Guidelines as well as other factors enumerated in 18 U.S.C. ' 3553(a) to tailor an appropriate sentence in this case. *See United States v. Booker*, 543 U.S. 220 (2005). The defendant expressly understands and agrees that the Sentencing Guideline determinations will be made by the Court, by a preponderance of the evidence, based upon input from the defendant, the Government, and the United States Probation Officer who prepares the presentence investigation report. The defendant further understands that he has no right to withdraw his guilty plea if his sentence or the Guideline application is other than he anticipated.

### Acceptance of Responsibility

At this time, the Government agrees to recommend that the Court reduce by two levels the defendant's adjusted offense level under § 3E1.1(a) of the Sentencing Guidelines, based on the defendant's prompt recognition and affirmative acceptance of personal responsibility for the offense. Moreover, should the defendant qualify for a decrease under 3E1.1(a) and his offense level determined prior to the operation of subsection (a) is level 16 or greater, the Government will file a motion with the Court pursuant to §3E1.1(b) which recommends that the Court reduce the defendant's Adjusted Offense Level by one additional level based on his prompt notification of his intention to enter a plea of guilty. The defendant expressly understands that the Court is not obligated to accept the Government's recommendations on the reductions.

The above-listed recommendations are conditioned upon the defendant's affirmative demonstration of acceptance of responsibility, by (1) truthfully admitting the conduct comprising the offense(s) of conviction and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under Sentencing Guideline § 1B1.3, and (2) truthfully disclosing to the Probation Office personal information requested, including the submission of a complete and truthful financial statement detailing the defendant's financial condition.

In addition, the Government expressly reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant engages in any acts, unknown to the

2

Government at the time of the signing of this agreement, which (1) indicate that the defendant has not terminated or withdrawn from criminal conduct or associations (Sentencing Guideline § 3E1.1); (2) could provide a basis for an adjustment for obstructing or impeding the administration of justice (Sentencing Guideline § 3C1.1); or (3) constitute a violation of any condition of release. Moreover, the Government reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant seeks to withdraw his plea of guilty or takes a position at sentencing, or otherwise, which, in the Government's assessment, is inconsistent with affirmative acceptance of personal responsibility. The defendant understands that he may not withdraw his plea of guilty if, for the reasons explained above, the Government does not make one or both of the recommendations or seeks denial of the adjustment for acceptance of responsibility.

Guidelines Stipulation

The parties agree as follows:

The Guidelines Manual in effect on the date of sentencing is used to determine the applicable Guidelines range.

Under U.S.S.G. § 2K2.1(a)(8), the base offense level is 6 because the offense of conviction in this case is a violation of 18 U.S.C. § 922(m). After a two-level reduction for acceptance of responsibility, the total offense level is 4.

Based on an initial assessment, the parties agree that the defendant has accumulated no criminal history points and falls within Criminal History Category I. The parties reserve the right to recalculate the defendant's Criminal History Category and corresponding sentencing ranges if this initial assessment proves inaccurate.

Assuming a Criminal History Category I, a total offense level of 4 would result in a guideline range of 0-6 months' imprisonment (sentencing table) and a fine range of $250 to $5,000 (U.S.S.G. § 5E1.2(c)(3)). The defendant will seek a sentence of three years' probation, and the Government will not object to this request. The parties agree that a sentence of three years' probation is appropriate and reflects a proper balancing of the factors set forth under 18 U.S.C. § 3553(a).

The defendant expressly understands that the Court is not bound by this agreement on the Guideline ranges specified above. The defendant further understands that he will not be permitted to withdraw the plea of guilty if the Court imposes a sentence outside any of the ranges set forth in this agreement.

In the event the Probation Office or the Court contemplates any sentencing calculations different from those stipulated by the parties, the parties reserve the right to respond to any inquiries and make appropriate legal arguments regarding the proposed alternate calculations. Moreover, the Government expressly reserves the right to defend any sentencing determination, even if it differs from that stipulated by the parties, in any post-sentencing proceeding.

Waiver of Right to Appeal or Collaterally Attack Sentence

3

The defendant acknowledges that under certain circumstances he is entitled to appeal his conviction and sentence. It is specifically agreed that the defendant will not appeal or collaterally attack in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241, the conviction or sentence imposed by the Court if that sentence does not exceed three years' probation, and a fine of $5,000, even if the Court imposes such a sentence based on an analysis different from that specified above. Similarly, the Government will not appeal a sentence imposed within or above the stipulated sentencing range. The defendant expressly acknowledges that he is knowingly and intelligently waiving these rights. Furthermore, it is agreed that any appeal as to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) this waiver.

### Information to the Court

The Government reserves its right to address the Court with respect to an appropriate sentence to be imposed in this case. Moreover, the Government will discuss the facts of this case, including information regarding the defendant's background and character, 18 U.S.C. § 3661, with the United States Probation Office and will provide the Probation Officer with access to material in its file, with the exception of grand jury material.

## **WAIVER OF RIGHTS**

### Waiver of Trial Rights and Consequences of Guilty Plea

The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him.

The defendant understands that he has the right to plead not guilty or to persist in that plea if it has already been made, the right to a public trial, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against him, the right not to be compelled to incriminate himself, and the right to compulsory process for the attendance of witnesses to testify in his defense. The defendant understands that by pleading guilty he waives and gives up those rights and that, if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The defendant understands that, if he pleads guilty, the Court may ask him questions about each offense to which he pleads guilty, and if he answers those questions falsely under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making false statements.

### Waiver of Statute of Limitations

The defendant agrees that, should the conviction following defendant's plea of guilty pursuant to this plea agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement (including any indictment or counts the Government has agreed to dismiss at sentencing pursuant to this plea agreement) may be commenced or reinstated against defendant, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution. The defendant agrees to waive all

4

defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date the plea agreement is signed.

**ACKNOWLEDGMENT OF GUILT AND VOLUNTARINESS OF PLEA**

The defendant acknowledges that he is entering into this agreement and is pleading guilty freely and voluntarily because he is guilty. The defendant further acknowledges that he is entering into this agreement without reliance upon any discussions between the Government and him (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges his understanding of the nature of the offense to which he is pleading guilty, including the penalties provided by law. The defendant also acknowledges his complete satisfaction with the representation and advice received from his undersigned attorney. The defendant and his undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

**SCOPE OF THE AGREEMENT**

The defendant acknowledges that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendant acknowledges that no representations have been made to him with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved. Finally, the defendant acknowledges that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving him.

**COLLATERAL CONSEQUENCES**

The defendant understands that he will be adjudicated guilty of each offense to which he has pleaded guilty. The defendant understands that the Government reserves the right to notify any state or federal agency by which he is licensed, or with which he does business, as well as any current or future employer of the fact of his convictions.

Moreover, the defendant explicitly agrees as a special condition of probation that, during the three-year term of his probation for this offense, he will not apply to be an FFL or a responsible party for an FFL, i.e., he will not make application for a federal license to engage in the business of importing, manufacturing, or dealing in firearms or ammunition either in his own name or in the name of any other individual, corporation, company, association, firm, partnership, society, joint stock company or other entity.

## SATISFACTION OF FEDERAL CRIMINAL LIABILITY; BREACH

The defendant's guilty plea, if accepted by the Court, will satisfy the federal criminal liability of the defendant in the District of Connecticut as a result of his participation in the offense which forms the basis of the Information in this case.

The defendant understands that if, before sentencing, he violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the Government may void all or part of this agreement. If the agreement is voided in whole or in part, defendant will not be permitted to withdraw his plea of guilty.

## NO OTHER PROMISES

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all the parties.

This letter shall be presented to the Court, in open court, and filed in this case.

Very truly yours,

DEIRDRE M. DALY
ACTING UNITED STATES ATTORNEY

*Robert M. Spector*
ROBERT M. SPECTOR
ASSISTANT U.S. ATTORNEY

The defendant certifies that he has read this plea agreement letter and its attachment or has had it read or translated to him, that he has had ample time to discuss this agreement and its attachment with counsel and that he fully understands and accepts its terms.

| | |
|---|---|
| KRYSTOPHER DIBELLA<br>The Defendant | 6/24/2013<br>Date |

I have thoroughly read, reviewed and explained this plea agreement and its attachment to my client who advises me that he understands and accepts its terms.

| | |
|---|---|
| LAWRENCE D. CHURCH<br>Attorney for the Defendant | 24 Jun 2013<br>Date |

7